Colleen M. Duffy, Esq. *(pro hac vice application forthcoming)*
Janet Nagotko, Esq.
**McELROY, DEUTSCH, MULVANEY**
**& CARPENTER, LLP**
570 Broad Street, 15th Floor
Newark, NJ  07102
Tel: (973) 622-7711
cduffy@mdmc-law.com
Attorneys for Defendant, Ameritas Life Insurance Corp.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAPHI CARPENTER SONI and RENUKA CARPENTER,<br><br>           Plaintiffs,<br><br>      v.<br><br>AMERITAS LIFE INSURANCE CORP., AMERITAS LIFE INSURANCE CORP. OF NEW YORK, and ACACIA LIFE INSURANCE COMPANY,<br><br>           Defendants. | Civil Action No.: |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that the undersigned attorneys for Defendant, Ameritas Life Insurance Corp., petitions this Honorable Court for an Order pursuant to 28 U.S.C. §1441, et seq., removing to the United States District Court, Eastern District of New York, a matter instituted in the Supreme Court of the State of New York, County of Kings, bearing Index Number 524150/2021 ("State Court Action").

**PLEASE TAKE FURTHER NOTICE** that a copy of this Removal Petition has been eCourts filed with the Supreme Court of the State of New York, County of Kings, thereby

effecting removal pursuant to 28 U.S.C. §1446(b).

**PLEASE TAKE FURTHER NOTICE** that, by effecting removal of this Civil Action, Defendant reserves all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, but not limited to, Fed. R. Civ. P. 12.

**PLEASE TAKE FURTHER NOTICE** that, in support of this Notice of Removal, Defendant relies upon the following:

1.      On September 23, 2021, Plaintiffs Maphi Carpenter Soni and Renuka Carpenter filed a Verified Complaint in the Supreme Court of the State of New York, County of Kings, bearing Index Number 524150/2021.

2.      The Complaint named as Defendants, Ameritas Life Insurance Corp., Acacia Life Insurance Company, and Ameritas Life Insurance Corp. of New York.  Also on September 23, 2021, Plaintiffs filed a Summons addressed to Defendants.  Annexed hereto as Exhibit A are copies of the Summons and Verified Complaint.

3.      Plaintiffs served the Summons and Verified Complaint along with a Notice of Electronic Filing upon Ameritas Life Insurance Corp. of New York c/o New York State Department of Financial Services on October 1, 2021.  A copy of the New York State Department of Financial Services Acknowledgment of Service is annexed hereto as Exhibit B.

4.      Service of the Summons and Verified Complaint on behalf of Ameritas Life Insurance Corp., successor in interest by merger to, Acacia Life Insurance Company was acknowledged on November 2, 2021.  Annexed hereto as Exhibit C is a copy of the Acknowledgement of Service.

5.      On November 10, 2021, a Stipulation of Discontinuance as to Ameritas Life Insurance Corp. of New York and Acacia Life Insurance Company was eCourts filed with the

Supreme Court of New York, Kings County.   A copy of the Stipulation of Discontinuance is annexed hereto as Exhibit D.

6.      These documents (annexed hereto as Exhibits A through D) constitute all process, pleadings, and orders served upon and received by Defendants to date within the meaning and intent of 28 U.S.C. §1446.

7.      Removal is timely under 28 U.S.C. §1446(b) and (c) in that the filing of the within Notice of Removal occurred within thirty (30) days of service of the Summons and Verified Complaint.

8.      At the times of the filing of the Verified Complaint and this Notice of Removal, Plaintiff Mahi Carpenter Soni maintained a primary residence and domicile in the County of Kings, State of New York.  Plaintiff is a citizen of the State of New York within the meaning and intent of 28 U.S.C. §1332.

9.      At the time of her application for and at the time of the issuance and delivery of the policy of life insurance which is the subject of this suit, Plaintiff Renuka Carpenter maintained a primary residence and domicile at 11 County Lane, Edison, State of New Jersey 08820.  At the time of the filing of the Verified Complaint, Plaintiff Renuka Carpenter maintained a primary residence and domicile in the County of Kings, State of New York.  At the time of the filing of this Notice of Removal, Plaintiff Renuka Carpenter is now deceased.

10.     At the times of the filing of the Verified Complaint and this Notice of Removal, Defendant Ameritas Life Insurance Corp. ("Ameritas") was and is an insurance company organized and existing under the laws of the State of Nebraska where it maintains its principal place of business located at 5900 O Street, Lincoln, Nebraska 68510. Ameritas is a citizen of the State of Nebraska within the meaning and intent of 28 U.S.C. §1332.

3

11.     At the times of the filing of the Verified Complaint and this Notice of Removal, there exists complete diversity of citizenship between the Plaintiff and all Defendants properly joined and served within the meaning and intent of 28 U.S.C. §1332.

12.     The amount in controversy between the parties, exclusive of interest and costs of suit, exceeds $75,000.00, within the meaning and intent of 28 U.S.C. §1332.  In this regard, the Court's review of the Verified Complaint will reveal that the gravamen of the dispute concerns Plaintiffs' claim that Ameritas Life Insurance Corp. improperly lapsed and terminated a policy of life insurance on the life of Renuka Carpenter ("the Policy") for non-payment of premium. Verified Complaint at ¶ 1.   The Specified Amount of the Base Policy is $500,000.  Id. at ¶ 9. Plaintiffs seek reinstatement of the Policy and a declaration that the Policy is in full force and effect.  Id. at ¶¶ 46-66.  Alternatively, Plaintiffs seek a refund of all premiums paid for the Policy.  Id. at ¶ 66.  Approximately $128.600.57 of premiums were paid in the Policy.  Id. at ¶ 19.

13.     Thus, the amount in controversy between the parties exceeds the sum of $75,000, exclusive of interest and costs of suit.

14.     This Court maintains diversity jurisdiction pursuant to 28 U.S.C. §1332 and removal is therefore appropriate pursuant to 28 U.S.C. §1441(a), (b), and (c).

15.     The United States District Court for the Eastern District of New York is the federal judicial district encompassing the Supreme Court of the State of New York, Kings County, where Plaintiffs commenced this action.  Therefore, this is the proper federal district for removal of this case to Federal Court pursuant to 28 U.S.C. §1441(a); 28 U.S.C. §112(c).

16.     Pursuant to 28 U.S.C. §1446(b), Defendant is providing written notice of the filing of this Notice of Removal of this action to Plaintiffs and is filing Notice of Filing of Notice

of Removal with the Supreme Court of the State of New York, Kings County.

17.     A copy of the Document List maintained on the eCourts civil docket of the

Supreme Court of New York, Kings County is annexed hereto as Exhibit E.

**WHEREFORE**, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1446, Defendant hereby

removes this action to this Honorable Court.

*I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.*

Dated:  November 11, 2021            **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

By:   /s/ Janet Nagotko, Esq.
Colleen M. Duffy, Esq. *(pro hac vice to be filed)*
Janet Nagotko, Esq.
570 Broad Street, 15th Floor
Newark, NJ  07102
Tel: (973) 622-7711
cduffy@mdmc-law.com
Attorneys for Defendant, Ameritas Life
Insurance Corp.

4521968

5

# EXHIBIT A

Case 1:21-cv-06272-EK-MMH   Document 1   Filed 11/11/21   Page 7 of 28 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------x

MAPHI CARPENTER SONI and
RENUKA CARPENTER

                   Plaintiffs,

    - against –

AMERITAS LIFE INSURANCE CORP.,
AMERITAS LIFE INSURANCE CORP.
OF NEW YORK, and
ACACIA LIFE INSURANCE COMPANY

                   Defendants.

-------------------------------------------------------------------x

Index No.      /2021

<u>SUMMONS</u>

Plaintiffs designate Kings
County as the place of trial

    To:   Defendants

        YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon the Plaintiffs'
attorney, at the address stated below, a written Answer to the attached Complaint. If this
Summons is served upon you within the State of New York by personal service you must
respond within TWENTY (20) days after service, not counting the date of service. If this
Summons is not personally delivered to you within the State of New York, you must respond
within THIRTY (30) days after service is completed, as provided by law.

        If you do not respond to the attached Complaint within the applicable time limitations
stated above, a Judgment will be entered against you, by Default, for the relief demanded in the
Complaint, without further notice to you.

Dated:  New York, New York
       September 23, 2021

                               LAW OFFICES OF ERIC
                               DINNOCENZO

                               By: _s/Eric Dinnocenzo_
                                  Eric Dinnocenzo
                               Attorney for Plaintiffs
                               469 Seventh Ave., Ste. 1215
                               New York, New York 10018
                               (212) 933-1675
                               eric@dinnocenzolaw.com

FILED: KINGS COUNTY CLERK 09/23/2021 01:15 PM INDEX NO. 524150/2021

NYSCEF DOC. NO. 1    Case 1:21-cv-06272-EK-MMH   Document 1   Filed 11/11/21   Page 8 of 28 PageID #: 8   RECEIVED NYSCEF: 09/23/2021

To:    Ameritas Life Insurance Corp.
5900 O Street
P.O. Box 81889
Lincoln, NE 68501

Ameritas Life Insurance Corp. of New York
1350 Broadway
Suite 1710
New York, NY 10018

Acacia Life Insurance Company
1876 Waycross Road
P.O. Box 40888
Cincinnati, OH 45240

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
MAPHI CARPENTER SONI and
RENUKA CARPENTER

                         Plaintiffs,

      - against –

AMERITAS LIFE INSURANCE CORP.,
AMERITAS LIFE INSURANCE CORP.
OF NEW YORK, and
ACACIA LIFE INSURANCE COMPANY

                       Defendants.
-------------------------------------------------------------------x

Index No.       /2021

VERIFIED COMPLAINT

      Plaintiffs, MAPHI CARPENTER SONI and RENUKA CARPENTER by their attorney,

LAW OFFICES OF ERIC DINNOCENZO, as and for their Verified Complaint against the

defendants, AMERITAS LIFE INSURANCE CORP., AMERITAS LIFE INSURANCE CORP.

OF NEW YORK, and ACACIA LIFE INSURANCE COMPANY, allege at all material times as

follows:

## **INTRODUCTION**

    1.     The defendants incorrectly and prematurely terminated the plaintiff's universal

life insurance policy.  The defendants violated New York Insurance Law §§ 3203 and 3211 and

the policy provisions by (a) prematurely determining the policy had insufficient value; (b)

failing to mail premium notices; (c) providing a shorter grace period than the required 61-days;

(d) not including a correct due date or specifying the grace period; (e) seeking an incorrect

premium greater than that actually due; and (f) sending unclear, ambiguous, and inconsistent

premium notices.

Case 1:21-cv-06272-EK-MMH    Document 1    Filed 11/11/21    Page 10 of 28 PageID #: 10

## PARTIES

2.      Plaintiff Maphia Carpenter Soni is a citizen and resident of the County of Kings, State of New York.

3.      Plaintiff Renuka Carpenter is a citizen and resident of the County of Kings, State of New York.

4.      Plaintiff Maphi Carpenter Soni is the daughter of plaintiff Renuka Carpenter.

5.      Defendant Ameritas Life Insurance Corp. is an insurance company licensed or authorized to do business in the State of New York with its principal place of business located in the State of Nebraska.

6.      Defendant Ameritas Life Insurance Corp. of New York is an insurance company licensed or authorized to do business in the State of New York with its principal place of business located in the State of New York, County of New York.[1]

7.      Defendant Acacia Life Insurance Company is an insurance company licensed or authorized to do business in the State of New York with its principal place of business located in the State of Ohio.

8.      At all relevant times, defendants have sold and serviced life insurance policies in the State of New York.

## FACTS

### Background of the Policy

9.      On July 7, 2011, a Universal Life Insurance policy with policy number U00005407K and base policy amount of $500,000 was issued to plaintiffs.  The policy permitted the owner to change the death benefit amount to a minimum of $50,000.

---

[1] The two Ameritas defendants are collectively referred to as simply "Ameritas."

2

Case 1:21-cv-06272-EK-MMH Document 1 Filed 11/11/21 Page 11 of 28 PageID #: 11

10. Specifically, the policy was issued to plaintiff Maphi Carpenter Soni as owner and plaintiff Renuka Carpenter, who at the time was age 75, as insured. Plaintiff Maphi Carpenter Soni was designated as the beneficiary.

11. Upon information and belief, the policy was initially issued by defendant Acacia Life Insurance Company and then later it was taken over by or administered by the Ameritas defendants.

12. Upon information and belief, at all relevant times, all defendants were responsible for the collection of premiums, administration and maintenance of the policy, and payment of the death benefit.

13. The policy was sold, issued and delivered in the State of New York.

14. The policy is governed by and subject to the laws of New York.

15. The policy provided a "monthly minimum no-lapse premium" feature so that, if a monthly payment of at least $1,142.37 was made over a period of ten years from the policy date (July 7, 2011), the policy would be guaranteed not to lapse.

16. The policy had a "Planned Periodic Premium" of $1,600 per month. The policy allowed the owner to change the amount and/or frequency of the planned periodic premium. This amount is also referred to as a "Monthly Deduction" in the policy.

17. The policy had a Grace Period which stated, "On any *monthly date* when the *cash surrender value* is less than the *monthly deduction* for the next policy month, *you* will have a 61-day grace period to make a premium payment to continue this policy." The minimum premium to continue the policy would be the lesser of: (1) an amount equal to the "current *monthly deduction* plus the next two *monthly deductions*"; or (2) "the sum of the *monthly minimum no-lapse premiums* from the *policy date* to two months past the start date of the grace period" minus

3

Case 1:21-cv-06272-EK-MMH    Document 1    Filed 11/11/21    Page 12 of 28 PageID #: 12

"the sum of premiums paid to date."  The policy required defendants to "mail notice of this minimum premium … at the start of the 61-day grace period."

18.    At some point after the policy date, the planned premium was changed to a quarterly basis in the amount of $4,800.

**The Policy Lapse**

19.    Throughout the life of the policy, the plaintiffs made premium payments totaling $128,600.57.  Now they have been left without a life insurance policy and defendants have unjustly retained all of this money.

20.    On December 21, 2020, plaintiff Soni made a premium payment in the amount of $5,006.43.  Plaintiff Soni made this premium payment by calling into Ameritas's customer service department.

21.    The $5,006.43 payment amount was specifically requested by an Ameritas representative.  There would be no other reason for plaintiffs to make a payment in such an odd amount.

22.    Plaintiffs did not receive any subsequent premium notices from defendants.

23.    On February 26, 2021, plaintiff Soni treated with her primary care physician and was found to be COVID-19 positive and was advised to quarantine for 14 days.

24.    Further, plaintiff Soni's brother had a heart attack around the same time and had a four-vessel bypass surgery performed on April 29, 2021.

25.    Nevertheless, despite undergoing much personal hardship during this time period, in April 2021, plaintiff Soni called Ameritas to make the next quarterly premium payment, knowing that the quarterly premium date was about due based on her earlier December 2020 payment.

4

26.     When plaintiff Soni called Ameritas, she was told that the policy had lapsed and that it could only be reinstated with an application.  She submitted an application for life reinstatement.

27.     In a June 24, 2021 letter to plaintiff Soni, defendants wrote: "We regret that we are unable to approve the reinstatement due to medical history.  There is no coverage in effect under the above policy as a result of the application for Life Reinstatement dated May 2, 2021."

28.     Defendants did not mail to plaintiffs, nor did plaintiffs receive from defendants, a premium notice, or any lapse or termination notice, at any time after making the December 21, 2020 premium payment.

29.     Subsequently, after the reinstatement application was denied, plaintiffs, by an attorney, obtained for the first time a copy of the notices allegedly sent to them in advance of the policy lapse or termination which are dated February 8, 2021 and March 9, 2021 and which they never actually received and thus were not mailed to them.

30.     Defendants do not have proof of mailing of these notices.

**The February 8, 2021 Notice**

31.     The first notice, dated February 8, 2021, is vague, unclear, and ambiguous.  It states that "…. this policy will lapse unless the payment due is received.  A check for the amount due should be received on or before Apr. 8, 2021 and mailed while the insured is alive."

32.     This notice only *suggests* with use of the word "should" that payment be received by April 8, 2021.  It does not state that the policy would definitely lapse or terminate if payment was not received by that date, as required by New York Insurance Law 3211(b)(2) ("shall terminate or lapse").

5

Case 1:21-cv-06272-EK-MMH   Document 1   Filed 11/11/21   Page 14 of 28 PageID #: 14

33.     Further, although the February 8, 2021 notice indicates the policy "will lapse unless payment due is received," there is ambiguity when contrasted with the rest of the notice which states that payment "should be received on or before Apr. 8, 2021."

**March 9, 2021 Notice**

34.     The second notice is dated March 9, 2021 and entitled "**FINAL NOTICE**."  The notice states that, "Your policy will lapse unless payment is received on or before Apr. 8, 2021…"  The amount due was $5,006.72 and the "due date" was April 8, 2021.

35.     Again, both notices were not mailed to plaintiffs.

36.     Both notices incorrectly sought a payment of $5,006.72 which is greater than the amount required to keep the policy in force for three months.  See N.Y. Ins. Law 3203.

37.     Both notices do not contain a correct due date and thus were misleading.  The notices indicate that the actual due date when the policy would have insufficient value would be April 8, 2021, as that is the specified "due date," and consequently, it would be reasonably inferred that the 61-day grace period would begin after that date in which the policy would still remain in force.  The notices do not specify that the grace period would end on April 8, 2021; rather, they indicate that is the "due date," and these are two different dates under New York Insurance Law 3211(b)(2).

38.     The notices failed to specify the correct due date *and* that payment must be made within the specified 61-grace period in violation of Insurance Law 3211.  *See* New York Insurance Law 3211(b)(1) ("the notice … shall also state that unless such payment is made on or before the date when due or within the specified grace period thereafter, the policy shall terminate or lapse.").  The notices failed to even mention a grace period.

Case 1:21-cv-06272-EK-MMH   Document 1   Filed 11/11/21   Page 15 of 28 PageID #: 15

39.     The plaintiffs were entitled to a 61-day grace period.  If the policy had insufficient value as of February 8, 2021, as defendants claim, the end of the grace period would be April 10 which is a Saturday and thus pursuant to General Construction Law 25-a the grace period would have ended on April 13, 2021.  The defendants failed to provide plaintiffs with an adequate grace period.  Moreover, the grace period that plaintiffs were given ended within plaintiff Soni's quarantine period, but the proper and correct grace period would have expired after her quarantine was over.

40.     The defendants miscalculated the policy value and premiums due so as to prematurely lapse the policy for overdue premium payments.

41.     Defendants were careless and negligent by their acts and omissions set forth above.

42.     If defendants had not acted carelessly and negligently, the plaintiffs would have paid the amounts due under the policies and they would have remained in force.

43.     Defendants have incorrectly lapsed or terminated the policy based on non-payment of premium.

44.     It is an inequitable result for plaintiffs to have the insurance policy lapse.

45.     Plaintiffs have and are holding all of the required monies in order to make the policy paid up and current.

### AS AND FOR A FIRST CAUSE OF ACTION – DECLARATORY RELIEF

46.     Plaintiffs incorporate the foregoing paragraphs as if they have been alleged herein.

47.     Defendants have wrongfully terminated the policy.

48.     Plaintiffs seek a declaration of the rights and obligations of the parties by this Court in accordance with the applicable provisions of law relating to declaratory judgments.

7

Case 1:21-cv-06272-EK-MMH   Document 1   Filed 11/11/21   Page 16 of 28 PageID #: 16

49.     Plaintiffs seek and are entitled to a declaratory judgment establishing that the policy did not lapse and that defendants are obligated to and must reactivate or reinstate the policy without underwriting and that plaintiffs have a specific time period to pay any overdue premiums.

## AS AND FOR A SECOND CAUSE OF ACTION: PERMANENT INJUNCTION

50.     Plaintiffs seek and are entitled to a permanent injunction ordering that defendants must keep in force or otherwise reinstate the life insurance policy.  Plaintiffs have no adequate remedy at law and have substantially performed under the contract and so specific performance is warranted.

## AS AND FOR A THIRD CAUSE OF ACTION: INSURANCE LAW § 3211

51.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

52.     New York law requires that life insurance termination notices comply with Insurance Law § 3211.

53.     The vague, inconsistent, and indefinite language contained in the premium notices failed to satisfy the requirements of Insurance Law § 3211.

54.     The relevant notices sent were false, misleading, and not in compliance with the policy or Insurance Law 3211.

55.     The defendants did not mail or send required termination or lapse notices to plaintiffs.

56.     Defendants therefore did not properly cancel, terminate, or otherwise provide notice of policy obligations under the terms of the policy or in accordance with applicable laws, rules, and regulations, including Insurance Law § 3211.

57.     Under the terms of Insurance Law 3211, the policy could not be cancelled as of the date of this complaint and continuing into the future, and plaintiffs have timely sought relief.

8

Case 1:21-cv-06272-EK-MMH Document 1 Filed 11/11/21 Page 17 of 28 PageID #: 17

58.     In light of the foregoing, the policy was not lapsed, cancelled or terminated, and must be placed into an active status.

### AS AND FOR A FOURTH CAUSE OF ACTION: INSURANCE LAW § 3203

59.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

60.     Defendant failed to comply with Insurance Law 3203.

61.     Defendant's lapse or termination was invalid and the policy must be placed into an active status.

### AS AND FOR A FIFTH CAUSE OF ACTION: BREACH OF CONTRACT

62.     Plaintiffs repeat and reallege the foregoing paragraphs as if fully set forth herein.

63.     The insurance policy was a valid contract of insurance between the plaintiffs and defendants.

64.     Defendants wrongfully lapsed or terminated the policy.

65.     Defendants have breached the contract.

66.     Plaintiffs have suffered damages as a direct result of the breach of contract by their loss of the insurance coverage.

**WHEREFORE**, plaintiffs demand judgment against the defendant in a monetary sum far exceeding the jurisdictional limitations of all lower courts in New York which would otherwise have jurisdiction over this action, as follows:

a)  a declaration that the policy did not lapse and that defendants are obligated to and must keep the policy in force or reinstate it;

b)  a permanent injunction ordering defendants to keep the policy in force or otherwise reinstate it;

c)  alternatively, a refund of all premiums paid for the policy;

9

Case 1:21-cv-06272-EK-MMH   Document 1   Filed 11/11/21   Page 18 of 28 PageID #: 18

d) actual and compensatory damages,

e) interest, costs, and such further relief as the Court deems just and proper.

Date:   New York, NY
        September 23, 2021

Law Offices of Eric Dinnocenzo

By:   *s/Eric Dinnocenzo*
      Eric Dinnocenzo
      Attorney for Plaintiffs
      469 Seventh Avenue
      Suite 1215
      New York, New York 10018
      (212) 933-1675

10

## ATTORNEY VERIFICATION

ERIC DINNOCENZO, an attorney duly admitted to practice law before

the courts of the State of New York, hereby affirms the following under the penalties of perjury:

that I have read the foregoing VERIFIED COMPLAINT and it is true to my knowledge, except

as to the matters therein stated to be alleged on information and belief, and as to those matters I

believe them to be true.  This verification is made by affirmant because plaintiffs reside in a

county other than that in which affirmant maintains his office.  Affirmant further states that the

sources of his information include communications with plaintiffs and his review of the file.

Dated:         New York, NY
               September ___, 2021


                                                  _s/Eric Dinnocenzo_____
                                                  Eric Dinnocenzo

11

# EXHIBIT B

Case 1:21-cv-06272-EK-MMH   Document 1   Filed 11/11/21   Page 21 of 28 PageID #: 21

**NEW YORK**
STATE OF
OPPORTUNITY.

**Department of
Financial Services**

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Acting Superintendent

STATE OF NEW YORK

Supreme Court, County of KINGS

524150/2021

MAPHI CARPENTER SONI AND RENUKA CARPENTER          Plaintiff(s)

against

Defendant(s)

Ameritas Life Insurance Corp. of New York

RE :Ameritas Life Insurance Corp. of New York formerly known as First Ameritas Life Insurance Corp. of New York

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for  Plaintiff(s) is hereby advised of acknowledgement of service upon this Department  Summons and Verified Complaint in the above entitled action on October 01, 2021 at Albany, New York.  The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

LAW OFFICES OF ERIC DINNOCENZO
ERIC DINNOCENZO
469 SEVENTH AVENUE - SUITE 1215
NEW YORK, New York 10018

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

NORMAN KRIVOSHA
Ameritas Life Insurance Corp. of New York
P.O. BOX 81889
LINCOLN, Nebraska 68501

**Colleen Draper
Special Deputy Superintendent**

Dated Albany, New York, October 07, 2021
669845                 alic0tgw

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

|  |  |
|---|---|
| MAPHI CARPENTER SONI and RENUKA CARPENTER,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>AMERITAS LIFE INSURANCE CORP., AMERITAS LIFE INSURANCE CORP. OF NEW YORK, and ACACIA LIFE INSURANCE COMPANY,<br><br>                              Defendants. | Index No.: 524150/2021<br><br><br>**ACKNOWLEDGEMENT OF SERVICE** |

The undersigned counsel for Defendant Ameritas Life Insurance Corp. hereby acknowledges and accepts service of the Summons and Complaint on behalf of Defendant Ameritas Life Insurance Corp. on this 2nd day of November, 2021.

                              **McELROY, DEUTSCH, MULVANEY**
                              **& CARPENTER, LLP**


By: ___ *Colleen M. Duffy* _____
                              Colleen M. Duffy, Esq. *(pro hac vice*
                              *application forthcoming)*
                              Janet Nagotko, Esq.
                              Attorneys for Defendant, Ameritas Life
                              Insurance Corp.
                              570 Broad Street, 15th Floor
                              Newark, NJ 07102
                              Tel: (973) 622-7711
                              cduffy@mdmc-law.com

4528258

# EXHIBIT D

Case 1:21-cv-06272-EK-MMH   Document 1   Filed 11/11/21   Page 25 of 28 PageID #: 25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

|  |  |
|---|---|
| MAPHI CARPENTER SONI and RENUKA CARPENTER,<br><br>                                        Plaintiffs,<br><br>                        v.<br><br>AMERITAS LIFE INSURANCE CORP., AMERITAS LIFE INSURANCE CORP. OF NEW YORK, and ACACIA LIFE INSURANCE COMPANY,<br><br>                                        Defendants. | Index No.: 524150/2021<br><br>**STIPULATION OF DISCONTINUANCE WITHOUT PREJUDICE AS TO AMERITAS LIFE INSURANCE CORP. OF NEW YORK AND ACACIA LIFE INSURANCE COMPANY** |

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs, Maphi Carpenter Soni and Renuka Carpenter, Eric Dinnocenzo, Esq., Law Offices of Eric Dinnocenzo, and counsel for Defendants, Ameritas Life Insurance Corp., Ameritas Life Insurance Corp. of New York, and Acacia Life Insurance Company, Colleen M. Duffy, Esq. and Janet Nagotko, Esq., McElroy, Deutsch, Mulvaney & Carpenter, LLP, that, whereas (i) Acacia Life Insurance Company merged into Ameritas Life Insurance Corp. which assumed all rights, obligations, and liabilities under the Policy that is the subject of this suit; and (ii) Ameritas Life Insurance Corp. of New York is an entity separate and distinct from Ameritas Life Insurance Corp. and has no rights, obligations, or liabilities under the Policy, Plaintiffs' Complaint and all claims asserted therein against Ameritas Life Insurance Corp. of New York and Acacia Life Insurance Company be and they hereby are discontinued without prejudice and with all parties bearing their own counsel fees and costs.

**IT IS SO STIPULATED.**

Dated:  November 6, 2021

_____
ERIC DINNOCENZO, ESQ.
**LAW OFFICE OF ERIC**
**DINNOCENZO**
469 Seventh Avenue, Suite 1215
New York, NY 10018
Attorney for Plaintiffs, Maphi Carpenter
Soni and Renuka Carpenter

Dated:  November 5, 2021

/s/ Janet Nagotko
_____
COLLEEN M. DUFFY, ESQ. *(pro hac vice to be filed)*
JANET NAGOTKO, ESQ.
**McELROY, DEUTSCH, MULVANEY**
**& CARPENTER, LLP**
570 Broad Street, 15th Floor
Newark, NJ  07102
Tel: (973) 622-7711
cduffy@mdmc-law.com
Attorneys for Defendants, Ameritas Life
Insurance Corp., Ameritas Life Insurance Corp.
of New York, and Acacia Life Insurance
Company

4524460

2

# EXHIBIT E

NYSCEF

Kings County Supreme Court

**Document List**

**Index #   524150/2021**

Created on:11/10/2021 03:05 PM

Case Caption:   **MAPHI C SONI et al v. AMERITAS LIFE INSURANCE CORP. et al**

Judge Name:

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Processed | 09/23/2021 | Dinnocenzo, E. |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Ameritas Life Insurance Corp. of NY | Processed | 10/13/2021 | Dinnocenzo, E. |
| 3 | ACKNOWLEDGEMENT OF SERVICE | Processed | 11/05/2021 | Dinnocenzo, E. |
| 4 | STIPULATION - DISCONTINUANCE (PRE RJI) | Pending | 11/10/2021 | Nagotko, J. |