UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MAPHI CARPENTER SONI,

                    Plaintiff,

- against –

AMERITAS LIFE INSURANCE CORP.,

                    Defendant.
------------------------------------------------------------------x

Civ. No. 21-cv-6272 (EK) (MMH)

**SECOND AMENDED COMPLAINT**

Plaintiff, MAPHI CARPENTER SONI, by her attorney, LAW OFFICES OF ERIC DINNOCENZO, as and for her Amended Complaint against the defendant, AMERITAS LIFE INSURANCE CORP., alleges at all material times as follows:

**INTRODUCTION**

1. The defendant incorrectly and prematurely terminated the universal life insurance policy on the life of Renuka Carpenter shortly before her death. The plaintiff, as the beneficiary of the policy, has commenced this lawsuit to recover the $500,000.00 death benefit she has wrongfully been denied. In lapsing the policy, the defendant violated New Jersey emergency COVID orders and regulations that provided for an extended grace period for life insurance policies. Defendant was required to, but did not, provide a 90-day grace period instead of the standard 60-day grace period to pay the premium. When the plaintiff attempted to pay the February 8, 2021 premium within 90 days, the payment was wrongfully rejected and the policy was wrongfully terminated.

2. Even if New York law applies, defendant violated New York Insurance Law §§ 3203 and 3211 as well as the policy provisions and the common law. The defendant acted wrongfully by failing to mail premium notices, or if they were mailed, the notices were

1

misleading and did not comply with Insurance Law 3211. The notices contained an incorrect due date of April 8, 2021 instead of February 8, 2021. The notices also did not even mention the grace period, instead conflating the due date with the grace period, and accordingly, did not comply with the statutory requirement that they state "that unless such payment is made on or before the date when due or within the specified grace period thereafter, the policy shall terminate or lapse …". In addition, the defendant represented to plaintiff in an April 29, 2020 letter that it would offer a 90-day grace period pursuant to the New Jersey COVID orders and regulations, then declined to honor that representation.

## PARTIES

3. At all relevant times, plaintiff Maphi Carpenter Soni was a citizen and resident of the County of Kings, State of New York.

4. Plaintiff Maphi Carpenter Soni is the daughter of Renuka Carpenter, who was the insured under the policy.

5. Defendant Ameritas Life Insurance Corp. ("Ameritas") is an insurance company with its principal place of business located in the State of Nebraska.

## FACTS

### Background of the Policy

6. On July 7, 2011, a Universal Life Insurance policy with policy number U00005407K and base policy amount of $500,000 was issued to Renuka Carpenter as insured and plaintiff as owner. Plaintiff was the daughter of Renuka Carpenter, who was age 75 when the policy was issued.

7. The policy was issued on a New Jersey form as the bottom of each page states "7000 NJ." The policy contains a New Jersey "Civil Union Endorsement" which states that "This endorsement is issued to meet the requirements of New Jersey Law."

8. Upon information and belief, the policy was initially issued by defendant Acacia Life Insurance Company which then later merged with Ameritas, or otherwise Ameritas took over the obligations for and administered the policy.

9. At all relevant times, defendant was responsible for the collection of premiums, administration and maintenance of the policy, and payment of the death benefit.

10. Five days after the issuance of the policy, Acacia provided Renuka Carpenter with a life insurance illustration stating "Designed for Renuka Carpenter NJ" on the front cover and on "Form 7000/NJ," together indicating that the policy was governed by New Jersey law.

11. The policy was issued to Renuka Carpenter as insured when she was a resident of New Jersey and plaintiff, who was the policy owner, was a resident of New York.

12. Plaintiff Maphi Carpenter Soni was designated as the sole beneficiary.

13. Renuka Carpenter's home address for the policy was a New Jersey address and she physically signed the policy application on June 2, 2011 in Edison, New Jersey.

14. Renuka Carpenter died on October 18, 2021.

15. From the issue date of the policy until her death ten years later, Renuka Carpenter lived in New Jersey for the vast majority of that time period.

16. The policy had a "Planned Periodic Premium" of $1,600 per month. The policy allowed the owner to change the amount and/or frequency of the planned periodic premium. This amount is also referred to as a "Monthly Deduction" in the policy.

17. The policy had a Grace Period which stated, "On any *monthly date* when the *cash surrender value* is less than the *monthly deduction* for the next policy month, *you* will have a 61-day grace period to make a premium payment to continue this policy." The minimum premium to continue the policy would be the lesser of: (1) an amount equal to the "current *monthly deduction* plus the next two *monthly deductions*"; or (2) "the sum of the *monthly minimum no-lapse premiums* from the *policy date* to two months past the start date of the grace period" minus "the sum of premiums paid to date." The policy required defendants to "mail notice of this minimum premium … at the start of the 61-day grace period."

18. At some point after the policy date, the planned premium was changed to a quarterly basis in the amount of $4,800.

19. After the pandemic began, Ameritas sent an April 29, 2020 letter to plaintiff at her New York address, informing her that the grace period would be extended to 90 days. The letter indicated that New Jersey law governed the policy, as it referred to the "COVID-19 New Jersey state emergency" and also provided a New Jersey email contact at NJclientservices@ameritas.com.

20. Ameritas was not and is not licensed to sell or service life insurance policies in the state of New York.

21. Ameritas made representations that indicated that the policy was governed by New Jersey law, and plaintiff reasonably relied on these representations.

22. Ameritas is estopped from claiming that any other law governs the policy other than New Jersey law.

**The Policy Lapse**

23. Throughout the life of the policy, the plaintiffs made premium payments totaling $128,600.57. Now she has been left without a life insurance policy and defendant has unjustly retained all of this money.

24. On December 21, 2020, plaintiff made a premium payment in the amount of $5,006.43. Plaintiff made this premium payment by calling into Ameritas's customer service department.

25. The $5,006.43 payment amount was specifically requested by an Ameritas representative. There would be no other reason for plaintiff to make a payment in such an odd amount.

26. Plaintiff did not receive any subsequent premium notices from defendant.

27. On February 26, 2021, plaintiff treated with her primary care physician and was found to be COVID-19 positive and was advised to quarantine for 14 days. Plaintiff had suffered serious COVID symptoms beginning at least one week prior and continued to suffer from them for the next three weeks, mostly being confined to bed during that time period.

28. Plaintiff was responsible for paying the bills in her household, including for the subject life insurance policy. During the time period that she was sick from COVID, plaintiff was unable to manage bills and finances. She was not checking the mail and this task went to her husband who was unfamiliar with the household bills.

29. Further, plaintiff's brother had a heart attack around the same time and had a four-vessel bypass surgery performed on April 29, 2021.

30. Nevertheless, despite undergoing much personal hardship during this time period, in April 2021, plaintiff called Ameritas to make the next quarterly premium payment, knowing that the quarterly premium date was about due based on her earlier December 2020 payment.

31. When plaintiff called Ameritas, she was told that the policy had lapsed and that it could only be reinstated with an application. This was false and incorrect information as the policy was still within the grace period pursuant to New Jersey emergency COVID regulations.

32. Following defendant's instruction, plaintiff submitted an application for life reinstatement for the policy. Defendant provided plaintiff with a New Jersey designated form for the reinstatement application.

33. In a June 24, 2021 letter to plaintiff, defendant wrote: "We regret that we are unable to approve the reinstatement due to medical history. There is no coverage in effect under the above policy as a result of the application for Life Reinstatement dated May 2, 2021."

34. Defendant did not mail to plaintiff a premium notice, or any lapse or termination notice, at any time after she made the December 21, 2020 premium payment.

35. Subsequently, after the reinstatement application was denied, plaintiff obtained for the first time a copy of the notices allegedly sent to her in advance of the policy lapse or termination which are dated February 8, 2021 and March 9, 2021 and which she never actually received and thus were not mailed to her.

36. Defendant does not have proof of mailing of these notices.

**The February 8, 2021 Notice**

37. The first notice, dated February 8, 2021, is vague, unclear, inconsistent and ambiguous. It states that "…. this policy will lapse unless the payment due is received. A check

for the amount due should be received on or before Apr. 8, 2021 and mailed while the insured is alive."

38. This notice incorrectly indicates that the payment due date was April 8, 2021—actually defining that date on the face of the notice as the "Due Date," which would mean the policy grace period—during which time the policy remained in force—would end 61 days later (under normal circumstances) and 90 days later (under the New Jersey COVID-19 extended grace period).

39. This notice only *suggests* with use of the word "should" that payment be received by April 8, 2021. It does not state that the policy would definitely lapse or terminate if payment was not received by that date, as required by New York Insurance Law 3211(b)(2) ("shall terminate or lapse").

40. The notice fails to mention the application of a grace period which falls after the due date and during which payment can be made, making the notice in violation of Insurance Law § 3211, which requires that the notice state that payment is due "before the date when due or within the specified grace period thereafter." The notice failed to even mention the existence of a grace period.

41. The notice is misleading and ineffective because the due date is set forth two months later than the actual due date and notice does not specify the grace period; a "due date" and the end of a "grace period" are two entirely different things under the policy and Insurance Law 3211(b)(2).

42. The back page of the notice states, "Premiums must be made on or before the date when due or within the specified grace period thereafter." This language, which is consistent with Insurance Law § 3211, shows the notice was deficient because it did not contain a

"specified grace period thereafter." Further, that the front page provides an incorrect due date of April 8, 2021, and no grace period is referenced, indicates that a grace period would come after the due date during which payment could be made—and during which plaintiff tried to but was rejected by Ameritas from making payment.

**March 9, 2021 Notice**

43. The second notice is dated March 9, 2021 and entitled "**FINAL NOTICE**." The notice states that, "Your policy will lapse unless payment is received on or before Apr. 8, 2021…" The amount due was $5,006.72 and the "due date" was April 8, 2021.

44. Again, this notice erroneously indicates the due date is April 8, 2021, and this, in turn, indicated that the grace period would expire 61 days later (under normal circumstances) or 90 days later (under the New Jersey COVID-19 extended grace period).

45. The notice, like the February 8, 2021 notice, was vague, confusing, inconsistent, unclear and ambiguous.

46. The notice is misleading and ineffective because the due date is set forth two months later than the actual due date and the notice does not specify the grace period; a "due date" and the end of a "grace period" are two entirely different things under the policy and Insurance Law 3211(b)(2).

47. Again, the notice fails to mention the application of a grace period which falls after the due date and during which payment can be made, in violation of Insurance Law § 3211 which requires that the notice state that payment is due "before the date when due or within the specified grace period thereafter." The notice fails to even mention the existence of a grace period.

48. Again, the back page of the notice states, "Premiums must be made on or before the date when due or within the specified grace period thereafter." This language, which is consistent with Insurance Law § 3211, shows the notice was deficient because it did not contain a "specified grace period thereafter." Further, that the front page provides an incorrect due date of April 8, 2021 and no grace period is referenced indicates that a grace period would come after the due date during which payment could be made—and during which plaintiff tried to but was rejected by Ameritas from making payment.

49. Both of the aforesaid notices were not mailed to plaintiffs in violation of the policy and Insurance Law 3211.

50. Even if mailed, the March 9, 2021 notice was ineffective to cancel the policy because it failed to comply with the Insurance Law § 3211 requirement that it be mailed "within thirty days after the day when the insurer determines that the net cash surrender value under the policy is insufficient to pay the total charges that are necessary to keep the policy in force" and it also was not mailed within the time requirement set forth in the policy.

51. Both notices incorrectly sought a payment of $5,006.72 which is greater than the amount required to keep the policy in force for three months in accord with the policy language and N.Y. Ins. Law §§ 3203 and 3211.

52. The defendant's notices mentioned above do not state there was insufficient value as of February 8, 2021 or that was the due date; rather, they indicate that April 8, 2021 was the due date.

53. The defendant miscalculated the policy value and premiums due with the result that the policy prematurely lapsed.

54. Defendant was careless and negligent by its acts and omissions set forth above.

55. If defendant had not acted carelessly and negligently, or had not breached the policy terms and the law governing life insurance policies, or had complied with the COVID Executive Order and regulations, the plaintiff would have paid the amounts due under the policy and it would have remained in force. Specifically, when plaintiff called defendant in late-April 2021, plaintiff should have been able to pay the amount due and the policy would remain in effect.

56. Defendant incorrectly lapsed or terminated the policy based on non-payment of premium.

57. Defendant is estopped from and cannot lapse or terminate the policy because it offered and expressly represented and warranted to plaintiff that it would provide an extended 90-day grace period, yet refused to do so.

58. No matter what state law applies, defendant modified the insurance contract with the April 29, 2020 letter extending the grace period to 90 days.

59. Plaintiff relied on the false promise and false representations in the April 29, 2020 letter and suffered damage as a result when defendant refused to provide a 90-day grace period.

60. It is an inequitable result for plaintiff to have suffered the insurance policy lapse.

61. Plaintiff has paid all of the required monies in order to make the policy paid up and current to the date of the insured's death.

62. If defendant had not wrongfully lapsed the policy, premium payments would have been made—as they had been since the inception of the policy—and the death benefit would have been paid.

63. Plaintiff demands, and has been deprived of, a $500,000.00 death benefit under the policy.

## AS AND FOR A FIRST CAUSE OF ACTION – DECLARATORY RELIEF

64. Plaintiff incorporates the foregoing and subsequent paragraphs as if they have been alleged herein.

65. Defendant has wrongfully terminated the policy and refused to pay the death benefit.

66. Plaintiff seeks a declaration of the rights and obligations of the parties by this Court in accordance with the applicable provisions of law relating to declaratory judgments.

67. Plaintiff seeks and is entitled to a declaratory judgment establishing that the policy did not lapse and that defendants are obligated to and must pay the death benefit to plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION: NEW JERSEY COVID LAW AND REGULATION

68. Plaintiff incorporates the foregoing and subsequent paragraphs as if they have been alleged herein.

69. If New Jersey law applies, the policy was terminated in violation of the extended grace period enacted by the State of New Jersey in response to the COVID-19 pandemic.

70. On April 9, 2020, Governor Murphy signed Executive Order No. 123 which went into effect that day and which extended the grace period for life insurance policies to 90 days. The order observed that: "the strict enforcement of certain statutory provisions relating to insurance grace periods is detrimental to the public welfare."

71. Specifically, section 1(a) of the order provides: "All … life insurance companies, … shall not cancel during the emergency grace period any policy or contract as a result of nonpayment as defined as follows … for a period of at least 90 days, during which period claims shall be paid without regard to prior nonpayment of premium by the policyholder."

72. Bulletin No. 20-16 from the Department of Banking and Insurance, signed on April 10, 2020, likewise extends the grace period of life insurance policies to 90 days.

73. Numerous Executive Orders continued the COVID emergency regulations and orders, including the specific order extending life insurance grace periods to 90-days. These include Executive Order No. 215, signed on January 19, 2021, which was in effect when plaintiff's April 2021 premium payment was rejected.

74. Alternatively, if New York law applies, then plaintiff was still entitled to a 90-day grace period pursuant to 11 NYCRR 229.3 which provided that "A life insurer shall extend to 90 days the applicable grace periods for the payment of premiums and fees set forth in group life insurance policies and certificates, for any life policyholder who demonstrates financial hardship as a result of the COVID-19 pandemic." Plaintiff's circumstances as set forth *supra* qualify as a financial hardship as a result of the COVID-19 pandemic.

75. These governmental orders apply to the subject policy and were in effect during the time period when defendant wrongfully asserted that the policy lapsed and when the reinstatement application was denied.

76. Defendant wrongfully cancelled the policy prior to the end of the 90-day period within the emergency grace period and while the governmental orders remained in effect.

77. If defendant had complied with the governmental orders, it would have accepted payment of premium from plaintiff in or about late-April 2021 when she called and would not have terminated the policy or required the plaintiff to go through the reinstatement process. Further, defendant would have paid the death benefit when the insured died.

78. Thus, defendant wrongfully caused the policy to lapse and wrongfully has deprived plaintiff of and refused to pay the death benefit.

## AS AND FOR A THIRD CAUSE OF ACTION: INSURANCE LAW § 3211

79. Plaintiff repeats and realleges the foregoing and subsequent paragraphs as if fully set forth herein.

80. New York law requires that life insurance termination notices comply with Insurance Law § 3211.

81. Among other things, the notices contained an incorrect due date and failed to specify a grace period.

82. The vague, inconsistent, and indefinite language contained in the premium notices failed to satisfy the requirements of Insurance Law § 3211.

83. The relevant notices sent were false, misleading, and not in compliance with the policy or Insurance Law § 3211.

84. Further, the defendant did not mail or send required termination or lapse notices to plaintiffs.

85. Defendant therefore did not properly cancel, terminate, or otherwise provide notice of policy obligations under the terms of the policy or in accordance with applicable laws, rules, and regulations, including Insurance Law § 3211.

86. Under the terms of Insurance Law § 3211, the policy could not be cancelled and plaintiff has timely sought relief.

87. In light of the foregoing, the policy was not lapsed, cancelled or terminated, and the death benefit must be paid.

## AS AND FOR A FOURTH CAUSE OF ACTION: INSURANCE LAW § 3203

88. Plaintiff repeats and realleges the foregoing and subsequent paragraphs as if fully set forth herein.

89. Defendant failed to comply with Insurance Law § 3203.

90. Defendant's lapse or termination was invalid and the policy death benefit must be paid to plaintiff.

**AS AND FOR A FIFTH CAUSE OF ACTION: BREACH OF CONTRACT**

91. Plaintiff repeats and realleges the foregoing and subsequent paragraphs as if fully set forth herein.

92. The insurance policy was a valid contract of insurance between the plaintiff and defendant, or alternatively, plaintiff was a third-party beneficiary of the contract.

93. Defendant wrongfully lapsed or terminated the policy.

94. Further, defendant modified the contract with its April 29, 2020 letter extending the grace period to 90 days.

95. Defendant is bound by the representations made in the April 29, 2020 letter.

96. Defendant has breached the contract.

97. Plaintiff has suffered damages as a direct result of the breach of contract by her loss of the insurance coverage and the refusal of defendant to pay the death benefit to plaintiff.

**AS AND FOR A SIXTH CAUSE OF ACTION: ESTOPPEL**

98. Plaintiff repeats and realleges the foregoing and subsequent paragraphs as if fully set forth herein.

99. Defendant made a clear and express promise in the April 29, 2020 letter that it would extend the grace period for the policy to 90 days.

100. Defendant represented to plaintiff over the years that New Jersey law applied.

101. Defendant's promises amounted to false representations or concealment of facts.

102. Plaintiff reasonably relied on the promises and had no reason to know that defendant would not honor its promises, especially when the government had extended insurance policy grace periods and the COVID emergency was ongoing.

103. Defendant intended that its conduct and representations would be acted upon or relied upon by plaintiff.

104. Defendant induced plaintiff to act or fail to act based on its false representations.

105. Defendant knew that it would not actually abide by the New Jersey Executive Order extending the grace period to 90 days or with the content of its letter.

106. Plaintiff suffered injury from her reliance on defendant's conduct or false representations.

107. Plaintiff should be paid the death benefit based on principles of promissory estoppel and equitable estoppel.

## AS AND FOR A SEVENTH CAUSE OF ACTION: BAD FAITH

108. Plaintiff incorporates the foregoing and subsequent paragraphs as if they have been alleged herein.

109. Defendant acted wrongfully and in bad faith by refusing to adhere to the terms of April 29, 2020 letter and thus by withdrawing the 90-day grace period to which it had committed and made part of the policy terms; by refusing to accept a timely premium payment so that it could terminate the policy before the death benefit was due and thus retain substantial premiums; by refusing to abide by the New Jersey COVID executive order and regulations for extended insurance grace period; by falsely arguing that New York law applied to the policy with the sole aim of denying the claim when it had for years consistently applied New Jersey

law and represented that New Jersey law applies; by unreasonably interpreting the policy and the law; and otherwise using anti-consumer and bad-faith tactics.

110. Defendant has breached the covenant of good faith and fair dealing it owed to plaintiff.

111. Defendant has terminated the policy and denied payment of the death benefit without any reasonable basis.

112. Defendant has sought to deny and deprive plaintiff of her rights under the insurance policy and the law, resulting in damages to plaintiff who has been deprived of a death benefit and must hire an attorney to pursue damages and incur legal fees.

## AS AND FOR AN EIGHTH CAUSE OF ACTION: NEW JERSEY CONSUMER FRAUD ACT or N.Y. GEN. BUS. LAW § 349

113. Plaintiff incorporates the foregoing and subsequent paragraphs as if they have been alleged herein.

114. Defendant has engaged in deceptive acts or practices in conjunction with the administration and termination of the insurance policy and denial of the claim.

115. Defendant's conduct is consumer-oriented and likely has negatively impacted many insurance policyholders.

116. Defendant has engaged in materially misleading conduct by promising an extended 90-day grace period to plaintiff and other policyholders, but refusing to provide it to them when needed.

117. Defendant engaged in unlawful and anti-consumer conduct by extending a 90-day grace period to plaintiff and other policyholders and then intentionally refusing to honor the offer or promise it made.

118. Defendant further misled plaintiff and other policyholders by improperly conditioning an extended grace period on hardship or difficulty paying premiums when this is not a requirement under the Governor's Executive Order, thus making defendant in violation of the law and misleading policyholders including plaintiff about their legal rights to their detriment.

119. Defendant has engaged in the aforesaid conduct on a widespread basis that has a broad and harmful impact on consumers-at-large.

120. A reasonable consumer would have been misled by defendant's conduct because he or she would have believed that he had the benefit of a 90-day grace period, when defendant had no intent of honoring this promise.

121. Defendant has consistently acted by putting its own interests above those of its policyholders and seeking to enhance its own rights and benefits at the expense of the policyholders.

122. Defendant has engaged in unconscionable commercial practices that involve deception, fraud, misrepresentations, and false promises.

123. Defendant has acted unlawfully and with reckless disregard for the law, its representations in the April 29, 2022 letter, and the insurance policy terms.

124. Defendant has acted with ill motives, not for a legitimate purpose, and in a manner that is willful, intentional, and made in reckless disregard for the rights of plaintiff and so as to deprive them of their rights under the policy.

125. Defendant has violated the New Jersey Consumer Fraud Act (N.J.S.A. § 56:8 et. seq.).

126. Defendant has violated New York General Business Law § 349.

127. Plaintiff hassuffered damage due to the aforesaid acts and omissions.

## AS AND FOR AN NINTH CAUSE OF ACTION: FRAUD

128. Plaintiff incorporates the foregoing and subsequent paragraphs as if they have been alleged herein.

129. Defendant made a false representation that it would provide an extended 90-day grace period for the policy after April 29, 2020.

130. The false representation was of a material nature as due dates and grace periods are critical components of life insurance policies.

131. Defendant never rescinded or retracted this promise or representation.

132. Defendant knew that the representation was false and knew that plaintiff would rely on it or intended for plaintiff to rely on it.

133. Plaintiff reasonably and justifiably relied on this representation as it was sent to her on Ameritas letterhead, was signed by Ameritas, references the entire company and expressly states that plaintiff can rely on Ameritas.

134. Plaintiff relied on the April 29, 2020 to her detriment, because when she attempted to pay the premium within 90 days, the defendant rejected the payment.

135. The defendant made a false representation concerning the extended grace period, and knew that the representation was false.

136. Plaintiff has suffered damage as a result of defendant's fraud.

## AS AND FOR AN TENTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

137. Plaintiff incorporates the foregoing and subsequent paragraphs as if they have been alleged herein.

138. There was a contract between the plaintiff and defendant.

139. The COVID emergency was ongoing from the April 29, 2020 letter to when the policy terminated.

140. Defendant negligently and incorrectly informed plaintiff that the grace period would be extended to 90 days.

141. Plaintiff relied on the statements in the April 29, 2020 letter.

142. Defendant knew that plaintiff would rely on its representation that the grace period would be extended to 90 days.

143. Plaintiff interpreted the letter to mean what it said and that there would be a 90-day grace period during the COVID emergency which was still ongoing when the policy was terminated.

144. Defendant had a duty to impart correct information to plaintiff but failed to do so by providing incorrect and misleading information about the policy grace period.

145. Plaintiff suffered damages as a result of defendant's negligent misrepresentations.

## **JURY DEMAND**

146. Plaintiff demands a jury trial on all claims.

**WHEREFORE**, plaintiff demands a declaration that defendant wrongfully and prematurely lapsed the subject policy and that defendant is obligated to and must pay the death benefit to plaintiff, and a judgment against defendant in the amount of $500,000.00 plus treble damages, attorney's fees, interest, costs, and such further relief as the Court deems just and proper.

Date: New York, NY
January 18, 2023

                      Law Offices of Eric Dinnocenzo

By:    *s/Eric Dinnocenzo*
        Eric Dinnocenzo (ED 3430)
        Attorney for Plaintiff
        469 Seventh Avenue
        Suite 1215
        New York, New York 10018
        (212) 933-1675
        eric@dinnocenzolaw.com